CHIEF JUSTICE GRAY,
specially concurring.
¶26 I join in the result the Court reaches in this' case. I write separately to address what appears to me to be a disconnect between §§ 39-71-741(l)(c) and (4), MCA (2003), the facts of this case and our existing jurisprudence on the issue of lump-sum conversions. I do so in hopes that, in a future case where these matters are raised and argued, the Court might more clearly resolve the disconnect, and the Legislature might revisit the statutes and provide more clarity about its intent.
¶27 As I read § 39-71-741(l)(c), MCA, it applies only to a written agreement between a claimant receiving permanent total disability benefits and the carrier regarding a lump-sum conversion. Such an agreement is filed with the DLI and may be approved under the circumstances set forth in detail in § 39-71-741(l)(c), MCA, which include “the necessities of life[.]” As I read it, this portion of the statute sets limits on the DLLs ability to approve such a conversion. Section 39-71-741(4), MCA, however, provides that “[a] dispute between a claimant and an insurer regarding the conversion of biweekly payments into a lump sum” is a matter entrusted to the jurisdiction of a mediator and the WCC.
¶28 In the present case, no written agreement between Barnard and Liberty was filed with the DLL Instead, Barnard filed his “dispute” with Liberty over the conversion in the WCC. Our jurisprudence, including Sullivan, then authorized the WCC to apply the “best interest” test, rather than the statutory “necessities of life” test which constrains the DLI in approving conversion agreements.
¶29 I recognize the instant case was not presented to either the WCC or this Court under the approach I suggest. I also recognize that this approach has not been utilized in our earlier jurisprudence. I submit, *88 however, that it is the only harmonious construction of two very different subsections of § 39-71-741, MCA. Moreover, it seems to me an appropriate rationale under which the WCC and this Court properly can substitute the “best interest” test for the somewhat more restrictive “necessities of life” test imposed on the DLI in § 39-71-741(l)(c), MCA.
¶30 For these reasons, I join the Court’s result. I, too, would affirm the WCC.
JUSTICE RICE joins in the foregoing specially concurring opinion.